IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK HAIRSTON | : | |
|     Plaintiff, | | |
| | | CIVIL ACTION |
| v. | : | NO. 14-6810 |
| | | |
| GREEN TREE SERVICING LLC and | | |
| POWERS, KIRN & ASSOCIATES LLC | : | |
|     Defendants. | | |

### MEMORANDUM

**Jones, II   J.**                                                                                                         **December 21, 2015**

### I.      INTRODUCTION

*Pro se* Plaintiff Derek Hairston commenced suit against Defendants Powers, Kirn & Associates LLC ("Powers") and Green Tree Servicing LLC ("Green Tree")[1] for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") in connection with a mortgage. Defendant Powers sought dismissal of Plaintiff's originally-filed Complaint on the bases of timeliness and failure to state a claim. In response, Plaintiff filed a Motion Requesting Leave to Amend Complaint.[2]  Defendant Powers also opposes amendment of Plaintiff's Complaint,

---

[1] Now Ditech Financial LLC, as successor-by-merger to Green Tree Servicing LLC.
[2] After Plaintiff filed his Motion for Leave to Amend, Defendant Green Tree filed a Motion to Dismiss on the basis of insufficient service. Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must serve a defendant with a copy of the Complaint within 120 days of filing, or the court, *sua sponte* or through a motion by Defendant, may dismiss the Complaint without prejudice or order service within a specific time. FED. R. CIV. P. 4(m). If, however, Plaintiff can establish good cause for the lack of service, the court must extend the time for service. *Id.*  Good cause is equal to the concept of excusable neglect, in which Plaintiff must show "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecommunications Corp. v. Telconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).

asserting the same would be futile. For the reasons set forth herein, Plaintiff's Motion to Amend and Defendant Powers' Motion to Dismiss shall be granted in part and denied in part.

## II. FACTUAL AND PROCEDURAL HISTORY

On November 6, 2013, Derek Hairston received a foreclosure notice from Green Tree Servicing LLC regarding a property at 1701 Coolidge Avenue, Willow Grove, PA 19090. (Am. Compl. Ex.2, ECF No.13.) Plaintiff did not respond to the foreclosure notice and on October 2, 2014, Green Tree—with the help of their counsel, Powers, Kirn & Associates, LLC—brought a foreclosure suit in the Montgomery County Court of Common Pleas. (Am. Compl. Ex. 3, ECF

---

Where Plaintiff cannot show good cause, the court still has discretion to dismiss or extend time for service. *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir.1995). In determining whether or not to grant a discretionary extension, courts may consider: 1) actual notice of the legal action, 2) prejudice to the defendant, 3) the statute of limitations on the underlying causes of action, 4) the conduct of the defendant, 5) whether the plaintiff is represented by counsel, and 6) any other factor that may be relevant. *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir.2009).

As a preliminary matter, this Court notes that Defendant Green Tree incorrectly stated in their Motion to Dismiss that Rule 4(m) requires the summons to be delivered within 90 days. The 90 day time limit, although adopted by the court, has an effective date of December 1, 2015. FED. R. CIV. P. 4. Green Tree corrected this error in its subsequently-filed Reply.

In assessing whether or not good cause exists for permitting Plaintiff herein to amend, this Court finds that Green Tree had actual notice of the legal action. Despite not receiving a summons or Complaint, counsel for Green Tree entered his appearance in this matter on August 5, 2015. (Notice of Appearance, ECF No. 10.) Second, Green Tree has made no assertion that it has been prejudiced by the delay, nor does this Court find any such prejudice. Further, as previously discussed, the majority of Plaintiff's claims were raised within the pertinent statute of limitations. Additionally, Green Tree's own conduct may have contributed to the insufficient service. In the underlying foreclosure Complaint—which required signed verification by Defendant Green Tree before it was submitted—Green Tree's address was listed as 345 St. Paul Street, 1100 Landmark Towers, St. Paul, MN 55102. (Am. Compl. Ex. 3, ECF No. 13.) Under these circumstances, it would be understandable for Plaintiff—a pro se litigant—to use that address in attempting to serve Green Tree.

Aside from the foregoing, Green Tree filed its Motion to Dismiss Plaintiff's originally-filed after Plaintiff's Motion for Leave to Amend (and accompanying Amended Complaint) had been served upon them. This, coupled with this Court's analysis of the foregoing factors, renders the Motion to Dismiss moot. However, in the event Plaintiff fails to properly serve his Amended Complaint upon Green Tree, Green Tree shall not be prohibited from presenting the issue to the court at a later date.

No. 13.) After the suit was initiated, Plaintiff filed a Notice of Dispute, contesting the validity of the debt and requesting several documents. (Am. Compl. Ex. 4, ECF No. 13 at 31.) Defendant Powers responded on October 29, 2014, providing Plaintiff with the requested information. (Am. Compl. Ex. 5, ECF No. 13 at 35.)  The within action followed.

### III.     STANDARDS OF REVIEW

#### A.     Dismissal for Failure to State a Claim

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted).  After the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

In this particular case, Plaintiff was granted leave to proceed *in forma pauperis*. Section 1915 of Title 28 provides in pertinent part that "the court shall dismiss the case at any time if the court determines that . . . the action is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(i),(ii); *see also Saunders v. Danberg*, 613 F. App'x 94 (3d Cir.2015) (affirmance of District Court's dismissal of a plaintiff's Third Amended Complaint

pursuant to § 1915 for failure to state a claim and determination that further amendment would be futile).

### B. Leave to Amend

Amendments to a complaint may be made as a matter of course, but only if the amendment occurs within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Plaintiff is not entitled to amend as a matter of course because he requested leave on August 28, 2015—37 days after Defendant served Plaintiff with Defendant's Motion to Dismiss. (ECF Nos. 9, 13).

Therefore, pursuant to Rule 15(a)(2), an amendment shall only be permitted by leave of court or with the written consent of the opposing party. FED. R. CIV. P. 15(a)(2). Leave must be "freely granted when justice so requires." *Id.* Leave may be denied where undue delay, bad faith, dilatory motive, prejudice, or futility are present. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir.2000). In examining futility, the legal standards of Rule 12(b)(6) must be applied. *Id.* For pro se litigants, this standard is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## IV. DISCUSSION

### A. Plaintiff's First Cause of Action

Plaintiff's First Cause of Action alleges Defendants' failure to comply with 15 U.S.C. § 1692g(b) by continuing with debt collection proceedings, despite Plaintiff disputing the validity of the debt. (Am. Compl. ¶¶ 38-43, ECF No. 13 at 12.)

Section 1692g(b) only acknowledges a violation where a plaintiff disputes the amount of the claimed debt within thirty (30) days of the initial communication. Exhibit 2 of Plaintiff's Amended Complaint makes clear that Plaintiff received the initial communication from Defendants on November 6, 2013.  (Am. Compl. Ex. 2, ECF No. 13 at 17.) Plaintiff did not dispute this debt until October 22, 2014—almost one year after the initial communication was received. (Am. Compl. Ex. 4, ECF No. 13 at 31.) Because this response was well beyond the thirty-day limit of 1692g(b), Plaintiff is statutorily barred from any potential relief on this claim. Accordingly, the First Cause of Action as contained within his Amended Complaint shall be dismissed.

      B.      **Plaintiff's Second Cause of Action**

Plaintiff's Second Cause of Action alleges Defendants violated 15 U.S.C. § 1692g(a) by failing to properly comply with the verification requirements of said statute.  (Am. Compl. ¶¶ 44-51, ECF No.13 at 12-13.)

As noted above, Plaintiff did not timely dispute his debt.  The notice sent by Green Tree on November 6, 2013 specifically informed Plaintiff of his rights under the Fair Debt Collection Practices Act, stating in pertinent part "[u]nless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by our offices."  (Am. Compl. Ex. 2, ECF No. 13 at 23.)  Plaintiff failed to do so. "Pursuant to 15 U.S.C. § 1692g(a)(3), a debt collector is entitled to assume that the debt is valid if undisputed within 30 days[.]"  *Potoczny v. Aurora Loan Servs., LLC*, 33 F. Supp. 3d 554, 558 (E.D. Pa. 2014).  Accordingly, Plaintiff is barred from raising the issue here and no amendment can change this fact.

### C. Plaintiff's Third Cause of Action

In Plaintiff's Third Cause of Action, he asserts that Defendants violated § 1692e(2)(A),[3] which prohibits a debt collector from misleading the consumer regarding the character, amount, or legal status of the debt. Plaintiff bases his claim on three particular documents: 1) Defendant Powers' response to Plaintiff's debt dispute; 2) Defendants' state foreclosure Complaint; and, 3) Defendants' state court Motion for Summary Judgment. (Am. Compl. ¶¶ 52-56, ECF No. 13 at 13.)

With regard to the alleged violation in the response to Plaintiff's dispute, this document cannot be deemed misleading or deceptive. Although a specific amount was stated, Defendant Powers clearly noted that the amount was imprecise as interest continued to accrue, and attorney's fees and costs were not included. (Am. Compl. Ex.5, ECF No. 13 at 35.) The presence of these statements indicates that the amount presented was not misleading and therefore did not violate the FDCPA. *See Kaymark*, 783 F.3d at 175 (stating that where a specific amount of debt is communicated to a consumer but the amount does not include other fees or costs the debt collector is seeking, the FDCPA is violated only if the debt collector does not indicate that the amount shown is an estimate or imprecise).

With regard to the state foreclosure Complaint, Plaintiff's proposed Amended Complaint alleges by reference:

> Allegation 8 of the state debt collection complaint references and [sic] assignment that was executed in default that purports to transfer the alleged full beginning principal amount of the alleged debt of $146,000 but in allegation 9 PKA alleges a default occurred on December 1, 2012 which would mean payment has been made from March 5, 2003 until December 1, 2012. Next the principal balance represented in allegation 10 is $122,665.78 which means the amount represented on the assignment is erroneous. This was extremely confusing to plaintiff [sic]

---

[3] Mistakenly cited as "15 U.S.C. § 1682§(a)(2)" in proposed Amended Complaint.

>because he could not understand how payments can be alleged to be made for nine years but upon occurrence of a default the full amount of the loan gets transferred by an assignment.

(Am. Compl. ¶ 25, ECF No. 13 at 10.)

As a preliminary matter, this Court notes that with the exception of claims brought pursuant to §1692e(11) or §1692g(d), a foreclosure Complaint may be deemed a "communication" made for the purpose of debt collection and is therefore not exempted from the FDCPA. *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168 (3d Cir. 2015), *petition for cert. filed*, (U.S. Aug. 14, 2015) (No.15-216); *see also McMenamin v. Phelan Hallinan, LLP*, Civil Action No. 14-4814, 2015 U.S. Dist. LEXIS 111272, at *16 (E.D. Pa. Aug. 20, 2015).

Reaching the merits of Plaintiff's claim, although he may feel the operation of assignment was confusing, stressful, and caused him to lose sleep, it cannot be deemed misleading. Defendants did not state that the balance was $146,000 at the time of transfer. Instead, they simply indicated that: the original balance of the mortgage was $146,000; they later gained possession of the mortgage through assignment; and, the mortgage had a balance of $122,665.78 at the time of the Complaint. (Am. Compl. Ex.3, ECF No. 13 at 59.)

Plaintiff's last document in relation to this claim does demonstrate that he could potentially be entitled to relief. Plaintiff asserts that Defendants falsely misrepresented the amount of debt it was owed because the attorney's fees and corporate advancement fees—items included in Defendants' foreclosure Complaint—either decreased or disappeared in Defendant's later Motion For Summary Judgment. (Am. Compl. Ex. 7, ECF No. 13 at 59). Accordingly, the court will not render this particular aspect of Plaintiff's Third Cause of Action futile and the same shall be permitted to proceed.

### D. Plaintiff's Fourth Cause of Action

Plaintiff's Fourth Cause of Action pertains to Defendants' responses to Plaintiff's Request for Admissions, which Plaintiff claims violated § 1692e(11). (Am. Compl. ¶¶ 57-60, ECF No. 13 at 13.)   Under § 1692e(11), a plaintiff is precluded from relying "formal pleading[s] made in connection with a legal action." 15 U.S.C. § 1692e(11).  The document identified by Plaintiff in support of his claim does not constitute a "pleading" as defined by the Federal Rules of Civil Procedure.  However, because the responses at issue were solicited by Plaintiff in the context of state court discovery and do not constitute the type of "communication" contemplated by § 1692e(11), Plaintiff's Fourth Cause of Action shall be dismissed as futile.

### E. Plaintiff's Fifth Cause of Action

In his Fifth Cause of Action, Plaintiff claims three documents violate § 1692e(10) because they are deceptive or misleading in characterizing Defendant Green Tree as the mortgagee. (Am. Compl. ¶¶ 21, 24, 28, 61-65, ECF No. 13 at 13-14.)

Under § 1692e(10), debt collectors are barred from using "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." § 1692e(10). In determining whether or not a communication is misleading or deceptive, the communication must be analyzed through the lens of the least sophisticated debtor. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir.2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir.2006)). Under this standard, liability cannot be imposed simply because of debtor's "bizarre or idiosyncratic interpretations" of the communications. *Id.* (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir.2000)). The debtor is presumed to have "a basic level of understanding and willingness to read with care." *Id.*

The language Defendants use in the documents at issue is not misleading or deceptive. In Defendants' response to Plaintiff's dispute notice, Green Tree is described as: "the servicer of the above referenced loan, and is entitled to collect the debt, both as the Mortgagee by Assignment, and the holder of the duly endorsed Note." (Am. Compl. Ex.5, ECF No. 13 at 35.) In Defendants' foreclosure Complaint, Defendant Green Tree's ownership of the mortgage is described as: "Plaintiff, directly or through an agent, has possession of the promissory note. The promissory note has been duly endorsed." (Am. Compl. Ex.3, at ¶ 7, ECF No. 13 at 28.) Lastly, in Defendants' Reply to Plaintiff's Request for Admissions, Green Tree's ownership status is described as follows: "Plaintiff, directly or through an agent, has possession of the promissory note which has been duly indorsed, and as such, qualifies as the holder pursuant to 13 Pa.C.S. § 3109." (Am. Compl. Ex.6, at ¶ 19, ECF No. 13 at 45.)  Although Plaintiff claims to have experienced "stress, worry and anxiety" in reading these statements, even the least sophisticated debtor would observe that they clearly indicate Green Tree's ownership status regarding the mortgage.  Accordingly, Plaintiff's Fifth Cause of Action shall be dismissed as futile.

### F.     Plaintiff's Sixth Cause of Action

Lastly, Plaintiff's proposed Amended Complaint alleges that Defendants improperly attempted to collect corporate advancement and title search fees, in violation of § 1692f(1), which prohibits debt collectors from collecting fees not authorized by agreement or permitted by law. Plaintiff states that these fees were only permitted if acceleration occurred, which he asserts did not happen. (Am. Compl. ¶¶ 67-68, ECF No. 13 at 14.)

The proposed Amended Complaint and relevant documentation, however, do not support Plaintiff's claim. Plaintiff's claim is based upon an undisputedly valid mortgage. (Def. Powers' Mot. Dismiss Ex. B, ECF No. 9 at 28.) According to this note, if the mortgage is accelerated, the

note holder has the right to be reimbursed all costs and expenses of enforcing the mortgage. (*Id.*) Additionally, Plaintiff was put on notice that if he did not cure his default, Defendants would accelerate the mortgage. (Am. Compl. Ex. 2, ECF No. 13 at 20.) The proposed Amended Complaint does not (and by reason of the underlying state court proceeding, seemingly cannot) demonstrate that the default was cured.  Therefore, the disputed fees are permitted under the original agreement and Plaintiff cannot plausibly demonstrate that Defendants were unfair or unconscionable in attempting to collect these fees. Accordingly, his amended claim is futile, as would be any attempt to cure same.

## V.     CONCLUSION

For the reasons set forth above, Defendant Powers' Motion to Dismiss and Plaintiff's Motion for Leave to Amend and shall be granted in part and denied in part.

An appropriate Order follows.

BY THE COURT:


/s/   C. Darnell Jones, II     J.